IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RONALD GENE GRIZZLE, JR.,** ) | |
| ID # 1935380, ) | |
| Petitioner, ) | |
| vs. ) | No. 3:19-CV-1526-S-BH |
| ) | |
| **LORIE DAVIS, Director,** ) | |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DENIED** as barred by the statute of limitations.

### I. BACKGROUND

Ronald Gene Grizzle, Jr. (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

On June 13, 2014, in Cause No. F48507 in the 249th Judicial District Court of Johnson County, Texas, Petitioner was convicted by a jury and sentenced to 60 years' imprisonment for aggravated sexual assault of a child, 10 years' imprisonment for indecency with a child by contact (two counts), and 10 years' probation for indecency with a child by exposure (two counts). (*See* doc. 2 at 1; doc. 3 at 7)[1]. The judgments were affirmed on appeal. (*See* doc. 2 at 3); *see Grizzle v.*

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

*State*, No. 10-14-00204-CR, 2015 WL 222349 (Tex. App. – Waco, Jan. 15, 2015). His petition for discretionary review was refused. (*See* doc. 2 at 3); *see Grizzle v. State*, No. PD-0136-15 (Tex. Crim. App. June 3, 2015). He filed a state habeas application that was signed on April 10, 2018, and received in the state district court on April 30, 2018. (*See* doc. 3 at 3-4). On September 19, 2018, it was denied as to the counts for which he was imprisoned, and dismissed as to the counts for which he was on probation. (*See* doc. 2 at 3-4); *see Ex parte Grizzle*, No. WR-88,545-01, 2018 WL 4472293 (Tex. Crim. App. Sept. 19, 2018).

Petitioner's federal habeas petition, signed on June 14, 2019, and received on June 25, 2019, claims that counsel was ineffective at the guilt and sentencing phases and on appeal, and that he was denied due process at the guilt and sentencing phases. (*See* doc. 3 at 6-8; doc. 3.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**A.**     **Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

>   State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, the factual predicate for Petitioner's claims either became known or could have become known prior to the date his judgment became final.[2] The petition for discretionary review was refused on June 3, 2015. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, so his conviction became final on September 1, 2015, when the ninety-day period for filing a petition for writ of certiorari expired. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (citing *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994)). Petitioner therefore had until September 1, 2016, to file his federal habeas petition, absent any tolling of the statute of limitations.

**B.      Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added).

Petitioner's state habeas application was filed in 2018, which was after the limitations

---

[2] He has not alleged a state-created, unconstitutional impediment that prevented him from filing his federal petition or any new constitutional right.

3

periods expired, so it did not toll the limitations periods. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Petitioner filed his § 2254 petition on June 14, 2019.[3] It is therefore untimely.

C. **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the

---

[3] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Petitioner claims that his legal work was confiscated and destroyed by prison officials when prisoners were required to take all of their property to the recreation yard to be searched. He contends that he could not carry all of his property to the prison yard in one trip, and he was not allowed to return to his cell to retrieve the rest of his property. Prison officials destroyed all property that was left in his cell, including his legal papers. (*See* doc. 2 at 10.) He does not say when his when his legal papers confiscated, what the legal papers were, or how their confiscation delayed the filing of his federal habeas petition. *See Oliver v. Davis*, No. 3:18-CV-546-N, 2018 WL 2773378 at *5 (N.D. Tex. Apr. 12, 2018), *rec. adopted*, 2018 WL 2762563 (N.D. Tex. June 8, 2018) (petition was not entitled to equitable tolling based on confiscation of legal papers where he did not allege when it occurred or how it prevented the timely filing of his petition).[4] He has not shown that he acted diligently, since he filed his state habeas application almost three years after his petition for discretionary review was refused, and he filed his federal petition almost nine months after the decision on his state habeas application. He has not shown that he is entitled to equitable tolling, and the petition is time-barred.

### III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

---

[4] Petitioner does not allege that the confiscation was unconstitutional or violated federal law, so he has not alleged it was an impediment that affected the beginning date of the limitations period under § 2241(d)(1)(B). *See Oliver*, 2018 WL 2773378 at *5.

5

**SIGNED on this 1st day of July, 2019.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE