**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RONALD GENE GRIZZLE, JR.,** | ) | |
| **ID # 01935380,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:19-CV-1526-S-BH** |
| | ) | |
| **LORIE DAVIS, Director,** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | **Referred to U.S. Magistrate Judge[1]** |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's *Motion for Relief Pursuant to Federal Rule 60b(6)*, received on September 10, 2019 (doc. 11). Based on the relevant filings, evidence and applicable law, the motion should be **DENIED.**

**I. BACKGROUND**

Ronald Gene Grizzle, Jr. (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction that was received on June 25, 2019. (*See* doc. 2.) On July 1, 2019, it was recommended that the petition be denied with prejudice as barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217. (*See* doc. 7.) Petitioner objected to the recommendation. (*See* doc. 8.) On August 2, 2019, the Court accepted the findings and recommendation, denied a certificate of appealability, and entered judgment. (*See* docs. 9, 10.)

Petitioner now seeks relief from the judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. (*See* doc. 11.) Citing *Stiltner v. Hart*, 657 F. App'x 513 (6th Cir. 2016), he argues

---

[1]By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

that extraordinary circumstances exist which warrant relief because he suffers from an impairment that prevented him from understanding the need to file a timely petition and the rules associated with AEDPA, effectuate a filing on his own, or find assistance to file a petition.  (*See id.* at 1-2.)[2]

## II. FED. R. CIV. P. 60(b)

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. PROC. 60(b)(1)-(6).

Paragraph (6) is the "catch-all" clause of Rule 60(b).[3]  *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002).  It is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)).  Motions under this clause "will be granted only if extraordinary circumstances are present."  *Hess*, 281 F.3d at 216.  In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to be considered when evaluating

---

[2]Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3]Petitioner is challenging the failure to reach the merits of his case on the basis that it is barred by the statute of limitations.  A motion that merely challenges the failure to reach the merits of a habeas petition is properly filed under Rule 60(b).  *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005) (holding that "a Rule 60(b) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction.").

such a motion: 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Petitioner relies on *Stiltner,* in which the Sixth Circuit recognized that a petitioner's mental incompetence could constitute an extraordinary circumstance that warranted equitable tolling of AEDPA's one-year statute of limitations. *See* 657 F. App'x at 521 (citing *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011)). Stiltner, a seventy-year-old man serving a life sentence who had filed his habeas petition sixteen years too late, argued that he was entitled to equitable tolling due to mental incompetence. *Id.* at 514-15. The district court found that although he was mentally incompetent, he had not diligently pursued his claims. *Id.* at 515. The Sixth Circuit noted that a petitioner seeking to obtain equitable tolling on this basis must "'demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations.'" *Id.* at 521 (quoting *Ata*, 662 F.3d at 742.) He must also show diligence in pursuing his claims to the extent he understands them. *Id.* at 521-22 (citing *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010) and *Holland v. Florida*, 560 U.S. 631 (2010)). The court found that given Stiltner's severe mental incompetence, which left him unable to monitor the legal assistance he had received, he had diligently pursued his claims and was entitled to equitable tolling. *Id.* at 525-26.

The Sixth Circuit's unpublished opinion in *Stiltner* is not binding. *See Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 300 n. 1 (5th Cir. 2019) (Haynes, J., dissenting) (recognizing that out-of-circuit precedent is not binding).

In the Fifth Circuit, only "rare and exceptional circumstances" warrant equitable tolling of AEDPA's limitations period. *Mathis v. Thaler,* 616 F.3d 461, 475 (5th Cir. 2010); *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). The court has "recognized the possibility that mental incompetency might support equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (finding that a seventeen-day period of incapacity during which the petitioner was in a psychiatric ward, medicated, separated from his glasses, and denied access to legal materials during the limitations period did not warrant equitable tolling) (citing *Hood v. Sears, Roebuck & Co.*, 168 F.3d 231, 232-33 (5th Cir.1999)). It has "made clear[, however,] "that a claim of incompetence does not automatically entitle a prisoner to equitable tolling." *Smith v. Johnson*, No. 00-10019, 2001 WL 43520, at *3 (5th Cir. Jan. 3, 2001) (citing *Fisher,* 174 F.3d at 715-16); *see also Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008) (noting that mental illness does not entitle a petitioner to equitable tolling as a matter of right) (citing *Fisher*). A "petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition[]." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013). He must also show that he diligently pursued federal habeas relief. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir.2010) (quoting *Holland v. Florida*, 560 U.S. 631 (2010)); *Smith v. Kelly*, 301 F. App'x at 378 (citing *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002)).

Here, Petitioner presents nothing more than conclusory allegations that he is entitled to the benefit of equitable tolling because he has an impairment or "problem understanding certain things."

(doc. 11 at 1-2.)   In his original petition, he initially contended that his petition was untimely because his legal work was destroyed by prison officials.  (*See* doc. 2 at 10.)  He presents no evidence to support any claim of a mental disability.  Notably, he does not allege that he was lacked competence at any point in time.  Conclusory allegations of mental illness are insufficient to support equitable tolling.  *Smith v. Kelly*, 301 F. App'x at 378; *see also Robinson v. Johnson*, 218 F.3d 744, 2000 WL 821450, at *1 (5th Cir. May 31, 2000) (per curiam) (table) (finding that the district court had not abused its discretion to deny equitable tolling where the petitioner had simply provided no evidence or argument supporting his claim that his mental condition impaired his ability to timely file his habeas petition); *Wiley v. Davis*, No. H-17-2023, 2018 WL 2291363, at *3 (S.D.Tex. Jan. 24, 2018) (the petitioner's allegation of a "slow learning disability" that affected the timely filing of his § 2254 petition, standing alone, was not the type that would support the application of equitable tolling).[4]  "As a consequence, [he] has failed to demonstrate that his condition was the type of extraordinary circumstance that merit[s] equitable tolling, and therefore [merits] Rule 60(b)(6) relief.  *Smith v. Johnson*, 2001 WL 43520, at *3 (noting that the petitioner failed to allege facts sufficient to support his claim of mental incompetence and therefore did not demonstrate extraordinary circumstances that justified equitable tolling and relief from judgment).

### III. RECOMMENDATION

Petitioner's motion should be **DENIED.**

---

[4]Even *Stiltner* recognized that "'a blanket assertion of mental incompetence is insufficient to toll the statute of limitations,'" and that "'a causal link between the mental condition and untimely filing is required.'" 657 F. App'x at 521 (quoting *Ata*, 662 F.3d at 742.)

SIGNED this 18th day of September, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6