# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| RONALD GENE GRIZZLE, JR., <br> ID #01935380 <br> <br> v. <br> <br> LORIE DAVIS, Director, Texas <br> Department of Criminal Justice, <br> Correctional Institutions Division | § § § § § § § § | CIVIL ACTION NO. 3:19-CV-1526-S-BH |

## **ORDER**

Before the Court is Petitioner Ronald Gene Grizzle, Jr.'s Motion for Relief Pursuant to Federal Rule 60b(6)[1] [ECF No. 11], the Findings, Conclusions, and Recommendation of the U.S. Magistrate Judge (the "Findings and Conclusions") [ECF No. 12], and Petitioner's Objection to the Recommendation of the United States Magistrate Judge (the "Objections") [ECF No. 18]. For the reasons that follow, the Court overrules the Objections and accepts the Findings and Conclusions of the Magistrate Judge.

Petitioner objects to the Findings and Conclusions of the Magistrate Judge, arguing that: (1) "his legal mater[i]al work was destroyed by [the] guards"; (2) "he did not understand the time [within which he needed to file his habeas petition], or how important it was to try and get his records"; (3) he did not understand "the one-year time limitation" for his habeas petition; (4) he encountered delays in gathering the relevant information for his petition; and (5) "he just didn't have the ment[]al capacity . . . to obtain help with his filing, []or an understanding of the [relevant]

---

[1] Federal Rule of Civil Procedure 60(b)(6) allows a court to relieve a party of a final judgment for "any other reason that justifies relief." Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986)). The party seeking relief has the burden of showing that the requirements of Rule 60(b)(6) are met. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n.14 (5th Cir. 1994) (en banc).

limitations" period. Obj. 1-3. Petitioner's objections, however, have largely been addressed by the Magistrate Judge.

First, the Court accepts the Findings and Conclusions insofar as they reject Petitioner's argument that he is entitled to equitable tolling of the one-year limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), due to his alleged mental incompetency or lack of understanding of the relevant limitations period. Petitioner's ignorance of the relevant limitations period does not support equitable tolling of AEDPA. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). While mental incompetency may support equitable tolling, *see Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), a "petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013). In this case, Petitioner alleged his mental incompetence, but provided no evidence in support of this claim. In fact, Petitioner filed multiple articulate briefs in this case, which evidences his mental competence. *See generally, e.g.*, Mem. in Supp. of Pet. for Writ of Habeas Corpus; Obj. Regardless, aside from Petitioner's conclusory allegations—which are insufficient to warrant the equitable tolling of AEDPA's limitations period, *see, e.g., Smith v. Kelly*, 301 F. App'x 375, 378 (5th Cir. 2008)—the record contains no evidence of Petitioner's mental incompetence. Consequently, the Court adopts the Findings and Conclusions that Petitioner has failed to demonstrate that his condition was "the type of extraordinary circumstance that entitled him equitable tolling, and therefore [merited] Rule 60(b)(6) relief." *Smith v. Johnson*, No. 00-10019, 2001 WL 43520, at *1 (5th Cir. Jan. 3, 2001).

The Court further overrules Petitioner's objections that he is entitled to Rule 60(b)(6) relief because prison guards destroyed his materials or because he encountered delays in gathering the

relevant information. The alleged loss of his legal materials and delays in gathering information do not rise to the level of extraordinary circumstances that would warrant equitable tolling of AEDPA. *See Madis v. Edwards*, 347 F. App'x 106, 108 (5th Cir. 2009) (finding that transfers between units, separation from legal materials, and administrative segregation were not rare or exceptional circumstances meriting equitable tolling); *Lozano v. Thaler*, C.A. No. C-12-34, 2012 WL 2026700, at *3 (S.D. Tex. May 14, 2012) (finding that a petitioner was not excused from filing a petition late even if his legal documents were lost). In fact, nothing prevented Petitioner from advising the Court of his inability to obtain pertinent information or of the destruction of his materials. *See Pina v. Stephens*, Civ. A. No. 2:15-CV-78, 2015 WL 7820493, at *4 (S.D. Tex. Oct. 26, 2015). Accordingly, the Court finds that Petitioner did not meet his burden of showing that the circumstances of this case are so exceptional that they warrant Rule 60(b)(6) relief.

Thus, after reviewing all relevant matters of record in this case, including the Findings and Conclusions, and Petitioner's objections thereto in accordance with 28 U.S.C. § 636(b)(1), the Court finds that the Findings and Conclusions are correct and accepts them as the Findings and Conclusions of the Court. For the reasons stated above and in the Findings and Conclusions, the Court denies Petitioner's Motion for Relief Pursuant to Federal Rule 60b(6).

**SO ORDERED.**

SIGNED November 4, 2019.

UNITED STATES DISTRICT JUDGE