IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD GENE GRIZZLE, JR., ) | |
| ID # 01935380, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:19-CV-1526-S-BH |
| ) | |
| LORIE DAVIS, Director, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | Referred to U.S. Magistrate Judge[1] |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's *Motion to Reopen Based on the Following Reasons*, received on January 24, 2020 (doc. 20). Based on the relevant filings, evidence and applicable law, the motion should be construed as seeking relief from judgment under Fed. R. Civ. P. 60(b) and **DENIED.**

**I. BACKGROUND**

Ronald Gene Grizzle, Jr. (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction that was received on June 25, 2019. (*See* doc. 2.) On July 1, 2019, it was recommended that the petition be denied with prejudice as barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217. (*See* doc. 7.) Petitioner objected to the recommendation on grounds that he was entitled to equitable tolling because he lost all of his trial records, which were needed to properly filed his state writ application and his § 2254 petition, due to the actions of prison guards. (*See* doc. 8.) He argued that the court "should apply the 'look

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

through' of the issues presented, and not simply refer to the state habeas court findings." (*See id.* at 3.)[2]  On August 2, 2019, the Court accepted the findings and recommendation, denied a certificate of appealability, and entered judgment.  (*See* docs. 9, 10.)

Petitioner then sought relief from the judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure.  (*See* doc. 11.)  Citing *Stiltner v. Hart*, 657 F. App'x 513 (6th Cir. 2016), he argued that extraordinary circumstances existed which warranted relief because he suffers from a mental impairment that prevented him from understanding the need to file a timely petition and the rules associated with the AEDPA, effectuating a filing on his own, or finding assistance to file a petition.  (*See id.* at 1-2.)  On September 18, 2019, it was recommended that the Rule 60(b) motion be denied, and the Court accepted the findings and recommendation on October 7, 2019.  (*See* docs. 12, 13.)  Petitioner filed a motion for extension of time to file objections that was received on October 8, 2019.  (*See* doc. 14.)  On October 11, 2019, the Court vacated its order accepting the findings and recommendation, and Petitioner was given until October 28, 2019 within which to file objections.  (*See* docs. 16, 17.)  He filed objections that were received on October 29, 2019, reiterating that he did not understand the importance of filing his petition timely after prison official lost his legal materials, and that he was unable to gather the information he needed, and urging the Court to apply *Stiltner*.  (*See* doc. 18 at 2-3.)  He argued that the state's highest court failed to conduct a proper review of the lower court's decision and again asked that it "make it's own decision before simply adopting the finding of the state."  (*See id.* at 3.)  The Court again accepted the findings and recommendation on November 4, 2019.  (*See* doc. 19.)

After summarizing his prior arguments for equitable tolling, Petitioner again seeks relief

---

[2] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

from the judgment, but this time relies on *Wilson v. Seller*, 138 S.Ct. 1188 (2018). (*See* doc. 20 at 4-5.)

## II. FED. R. CIV. P. 60(b)

Petitioner's motion to reopen his case is properly construed as arising under Fed. R. Civ. P. 60(b). *See Wassouf v. Joilcoeur,* 422 F. App'x 331 (5th Cir. 2011) (construing 28 U.S.C. § 2241 petitioner's motion to reopen as a Rule 60(b) motion); *Smith v. Texas Dept. of Criminal Justice, Institutional Div.,* 79 F. App'x 61, 62 (5th Cir. 2003) (construing prisoner's motion to reopen dismissed § 1983 civil rights action as arising under Rule 60(b)) (citing *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998)).[3]

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6).

Because Petitioner's motion does not invoke any of reasons for relief from judgment under the first five paragraphs of Rule 60(b), it is considered under paragraph (6), which is the "catch-all" clause. *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This paragraph is "'a residual

---

[3]Petitioner is challenging the failure to reach the merits of his case on the basis that it is barred by the statute of limitations. A motion that merely challenges the failure to reach the merits of a habeas petition is properly filed under Rule 60(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005) (holding that "a Rule 60(b) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction.").

clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216. In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to be considered when evaluating such a motion: 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Petitioner argues that he is entitled to relief under *Wilson v. Sellers*, 138 S.Ct. 1188 (2018). (*See* doc. 20 at 4-5.) In *Wilson*, the Supreme Court noted that AEDPA requires a federal habeas petitioner to show that the state-court decision being challenged "(1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 138 S.Ct. at 1191, quoting 28 U.S.C. § 2254(d). To make this determination, a federal court must "'train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims,' and [] give appropriate deference to that decision." *Id.* at 1191-92 (internal citations omitted). Where the state-court decision is unexplained, e.g.,

4

consists of a one-word order, the federal court reviewing that unexplained state-court decision on the merits "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Id.* at 1192.

Petitioner claims that the Texas Court of Criminal Appeals (CCA) simply denied his claim without a written order and without making its own determination, or explaining its reasoning for the denial, and that it "just 'imagined what have been the reasoning of his counsel's actions.'" (*See* doc. 20 at 4.)  He also claims that this Court' decision was based on adopting the decision of the state habeas court, and not an actual finding from the state's highest court. (*See id*.) He appears to argue that under *Wilson*, this Court was required to "look through" the CCA's decision and to review the state habeas court's decision on the merits to determine whether it involved an unreasonable application of state law or was based on an unreasonable determination of the facts. (*See id.* at 4-5.) He also argues that it should have "excused the one-year limitation because [he] did make a showing of reasonable diligence." (*See id.* at 5.)

Petitioner's *Wilson* claim appears to be a reiteration of his prior objections.  As noted, Petitioner's federal habeas petition was found to be barred by the one-year statute of limitations in the AEDPA. (*See* docs. 7, 8, 9, 10.)  His lack of entitlement to equitable tolling was addressed at length in the July 1, 2019 recommendation that his petition be denied as untimely, and the September 18, 2019 recommendation that his first Rule 60(b) motion be denied. (*See* doc. 7 at 4-5; doc. 12 at 3-5.)  Because his federal petition was found to be untimely, the Court was not required to reach the merits of his claims or review the state habeas court's decision, so the Supreme Court's holding in *Wilson* does not apply.  Petitioner has failed to come forward with new, relevant facts or

5

persuasive legal precedent showing that he is entitled to equitable tolling of the statute of limitations.

### III. RECOMMENDATION

Petitioner's motion should be **DENIED**.

**SIGNED this 15th day of April, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6