IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD GENE GRIZZLE, JR., ) | |
| ID # 01935380, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:19-CV-1526-S-BH |
| ) | |
| LORIE DAVIS, Director, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | Referred to U.S. Magistrate Judge[1] |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's *Motion for Rehearing*, received on October 6, 2020 (doc. 26). Based on the relevant filings, evidence and applicable law, the motions should be **DENIED**.

**I. BACKGROUND**

Ronald Gene Grizzle, Jr. (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction that was received on June 25, 2019. (*See* doc. 2.) On July 1, 2019, it was recommended that the petition be denied with prejudice as barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217. (*See* doc. 7.) Petitioner objected to the recommendation on grounds that he was entitled to equitable tolling because he lost all of his trial records, which were needed to properly filed his state writ application and his § 2254 petition, due to the actions of prison guards. (*See* doc. 8.) He argued that the court "should apply the 'look through' of the issues presented, and not simply refer to the state habeas court findings." (*See id*.

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

at 3.)[2] On August 2, 2019, the Court accepted the findings and recommendation, denied a certificate of appealability, and entered judgment. (*See* docs. 9, 10.)

Petitioner then sought relief from the judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. (*See* doc. 11.) Citing *Stiltner v. Hart*, 657 F. App'x 513 (6th Cir. 2016), he argued that extraordinary circumstances existed which warranted relief because he suffers from a mental impairment that prevented him from understanding the need to file a timely petition and the rules associated with the AEDPA, effectuating a filing on his own, or finding assistance to file a petition. (*See id*. at 1-2.) On September 18, 2019, it was recommended that the Rule 60(b) motion be denied, and the Court accepted the findings and recommendation on October 7, 2019. (*See* docs. 12, 13.) Petitioner filed a motion for extension of time to file objections that was received on October 8, 2019. (*See* doc. 14.) On October 11, 2019, the Court vacated its order accepting the findings and recommendation, and Petitioner was given until October 28, 2019 within which to file objections. (*See* docs. 16, 17.) He filed objections that were received on October 29, 2019, reiterating that he did not understand the importance of filing his petition timely after prison official lost his legal materials, and that he was unable to gather the information he needed, and urging the Court to apply *Stiltner*. (*See* doc. 18 at 2-3.) He argued that the state's highest court failed to conduct a proper review of the lower court's decision and again asked that it "make it's own decision before simply adopting the finding of the state." (*See id*. at 3.) The Court again accepted the findings and recommendation on November 4, 2019. (*See* doc. 19.)

On January 24, 2020, Petitioner moved to reopen the case, relying on *Wilson v. Seller*, 138 S.Ct. 1188 (2018). (*See* doc. 20 at 4-5.) On April 15, 2020, it was recommended that the motion

---

[2]Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

be construed as seeking relief from judgment under Rule 60(b) and denied. (*See* doc. 21.) The recommendation noted that Petitioner's *Wilson* claim appeared to be a reiteration of his prior objections to the finding that he was not entitled to equitable tolling of the statute of limitations and the dismissal of his petition as time-barred. (*See id.* at 5.) Petitioner objected to the recommendation, and it was accepted over his recommendation on August 3, 2020. (*See* doc. 25.)

Petitioner now moves for rehearing. (*See* doc. 26.) He asks the Court to "reconsider the issue he sought relief from on its's own motion" and again asserts that he was unable to timely file his § 2254 petition because prison officials lost his legal materials. (*See id.* at 1.) He also contends, and the Clerk's Office confirms, that it erroneously sent him a copy of an order in a different case on August 3, 2020, and that it sent him the correct order denying his Rule 60(b) motion on September 17, 2020. (*See id.*; *see also* doc. 27.)

## II.  RECONSIDERATION

As noted by the Fifth Circuit Court of Appeals, the Federal Rules of Civil Procedure "do not recognize a 'motion for reconsideration' *in haec verba.*" *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b). *Id.* The applicable rule is determined "based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler,* 602 F.3d 291, 303 & n. 10 (5th Cir. 2010).

Here, Petitioner appears to seek reconsideration of the order denying his prior Rule 60(b) motion, and he contends that his motion is timely because it was filed within 11 days of the mailing

3

of the correct order. Even if his motion for reconsideration is properly considered under Rule 59(e), he is not entitled to relief. To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). Because Petitioner's two-page motion merely reasserts his arguments from his prior motion, he has not met the requirements for relief under Rule 59(e).

Even if his motion is properly considered under Rule 60(b), he is still not entitled to relief. Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6). Because Petitioner's prior motion did not invoke any of

4

reasons for relief from judgment under the first five paragraphs of Rule 60(b), it was considered under paragraph (6), the "catch-all" clause. *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This paragraph is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216. The Court found that Petitioner had not shown extraordinary circumstances warranting relief, and his motion for reconsideration presents no additional argument or evidence to meet this standard.

### III. RECOMMENDATION

Petitioner's motion for rehearing or reconsideration should be **DENIED**.

**SIGNED** this 8th day of October, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE